## JACKSON, SAVING AND McGOODWIN v. W. H. PERKINS.

**Sheriff's Sale—Representations of Title by Sheriff.**
    It is the duty of the sheriff to make known to the bidders the nature of the interest of the defendant in the property offered for sale on execution, and a failure to do so will render him and his sureties liable to a purchaser for damage sustained because of the existence of prior liens on the property.

**False Representations by Sheriff.**
    Where a sheriff states to plaintiff's attorney that property he has levied upon is free of liens and the statement is false, and the attorney for his client is thereby induced to bid in and buy the property and to defend the title thereafter against a prior lien, and is thereby damaged, the sheriff and his sureties are liable therefor.

### APPEAL FROM DAVIESS CIRCUIT COURT.

March 1, 1878.

OPINION BY JUDGE ELLIOTT:

    The appellant obtained a judgment at law for over $200, against Baird and Price, and placed their execution in the hands of the sheriff of Daviess county, the county in which they obtained their judgment. This judgment was replevied and execution issued on the replevin bond at maturity, and placed in the hands of the appellee, as deputy sheriff, who levied the same on 24¾ acres of land, as the property of Baird. No sale was made before the return day of the execution.. Afterwards, the appellee was elected and qualified as sheriff of Daviess county, and had a venditioni exponas issued, authorizing him to sell the land, which he as deputy sheriff had levied on. His levy on the land seems to have been unknown to the appellants or their attorney, until the attorney some time after the levy called on the sheriff to know what progress he was making in the collection of the appellant's claim. He then told their attorney that he had levied on a tract of land belonging to Baird, that was amply sufficient to satisfy the debt. The attorney then asked him if there

was a lien or encumbrance on the land, and he answered that there was not a lien of any description on the land.

With this assurance, appellant's attorney authorized the sheriff to cry a bid of the appellant's land for the full amount of their debt. It turned out, however, that there was a lien reserved in the deed, conveying the property to Baird from the plaintiff, for over a thousand dollars, and this was the identical deed referred to by appellee in his levy indorsed on appellant's execution. In *McGee v. Ellis & Browning,* 4 Litt. 244, this court ruled that the sheriff is "the agent of the law, placed between debtor and creditor, undertaking to levy the creditor's execution on nothing but the estate of the debtor. The purchaser, then, has the right to presume that he has done his duty correctly, and to infer from the office, the execution and the sale, that he buys a good title, and if he has not, then the sheriff has so far violated his duty as to deceive him. The exhibition and sale of property by an individual, as his own, is deemed sufficient in law to raise an implied waranty of title. Why, then, may not the act of a sheriff, who vends property which he represents to the world he has correctly seized and sold, be deemed equally sufficient to raise an implied warranty of title?"

In *Wolford v. Phelps,* 2 J. J. Marsh. 31, this court held that it is the duty of a sheriff to make known to the bidders the nature of the interest of the defendant in the execution in the property offered for sale, and a gross mistake in this regard would make him responsible indeed. The court in that case inclined to the opinion that any mistake in this regard would make the officer responsible to the purchaser, if the title to the property purchased should fail. And in the case of the *Commonwealth v. Dickinson,* 5 B. Mon. 506, this court held that it is the duty of the sheriff to state the interest which the defendant in the fi. fa. has in the property offered for sale, and to make known every defect of title within his knowledge, and a failure in this regard renders him and his sureties liable to the purchaser for any injury he has sustained thereby; and it is said that such a failure on the part of the sheriff cannot be excused on account of ignorance of his duties, for that gross ignorance may amount to fraud. It is not in this case, however, necessary to go to the extent of these authorities to hold appellee responsible in this case, for he told appellant's attorney, not only that there was no lien on the land upon which he had levied his client's execution, but when the appellants were sued with Baird, by the assignee of Baird's vendor, to enforce the purchase money lien for the land, appellant's attorney

applied to him to know whether such a lien existed, and he told him it did not. But that Baird owed Winstead, who, as assignee of Karnuff, had sued to enforce the vendor's lien, and had paid off the debt; but had his notes for the purchase money assigned to Winstead, to enable him to get what Baird owed him, he, Baird, being in failing circumstances; or, in other words, it was a trick and combination between Baird, Karnuff and Winstead, to prefer Winstead over Baird's other creditors, and by these representations he induced the appellants to contest the enforcement of Winstead's lien debt, in which they were defeated.

When one person makes a statement of facts to another, which he tells him he knows to be true, and the other person relies on and acts on such statements, when the same are false, the same amounts to a fraud on such person's rights, and he can recover against him for the injury sustained thereby. Appellee assured appellant's attorney that there was no lien of any description on the land levied on to make their debt, when the very deed referred to in his levy of their execution, disclosed a lien of over a thousand dollars, and when asked why he had made such a representation, and when the appellants were sued by the holder of the lien, he said he knew and could prove that the pretended lien was a fraud, and that no lien really existed.

We will not say that a sheriff is bound to look into every deed to which he refers in his levy to see the exact condition of the title, or the liens reserved; but when he prevents investigation and throws the interested party off his guard by a positive assurance that the property levied on is covered by no lien, and relying on these representations the interested party buys the property, and gets nothing by his purchase by reason of an older or superior lien, and is induced to contest the lienholder's title by misrepresentations of the sheriff, in such a case, he is responsible for the injury sustained, which in this case is the appellant's debt, interest and cost, as Baird and Price were solvent and good for the debt at the time.

Wherefore the judgment is *reversed,* and cause remanded for further proceedings consistent with this opinion.

*James Weir & Son,* for appellants.   *G. W. Ray,* for appellee.